**SHIVELY WELDING & BOILER REPAIR,**
Appellant,

v.

**Charles C. BISCHOFF et al., Appellees.**

Court of Appeals of Kentucky.

June 16, 1967.

Bill V. Seiller, Jones, Ewen, MacKenzie & Peden, Louisville, for appellant.

John F. Stewart, Segal, Isenberg, Sales & Stewart, Louisville, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the Board found appellee to be totally and permanently disabled, and made an award accordingly. This was confirmed on appeal by the circuit court. Appellant employer contends here that there was not sufficient evidence of probative value to support the Board's finding of permanent and total disability.

The employee was a boiler maker by trade and his occupation called for hard work, handling of heavy materials and climbing about water tanks and towers. He was involved in a serious accident which resulted in paralysis of the right eye, neck fractures, a skull fracture, back and other fractures, and other arm, shoulder and

**358**

finger injuries. Admittedly he was permanently disabled.

In the opinion of one doctor the employee was 15 to 20 percent disabled. Another fixed the permanent disability at 50 percent, although this doctor said he would not recommend his returning to work and doubted if he would "be able to hold up under it". Another doctor was firmly of the opinion that the employee was 100 percent permanently disabled from "performing his job".

Appellant's first contention is that the Board erroneously assumed that the employee was a welder by occupation. It is apparent that because of his eye injury he cannot do this type of work. Whether or not the employee was qualified to work as a welder, we find nothing in this record to indicate that the opinions of the medical experts or the finding of the Board were based upon the welding disability.

It is next contended the medical opinions about disability were based on the erroneous assumption that the employee's work required "climbing to heights". The simple answer is that there was ample evidence the employee's occupation did require such climbing on tanks and towers in performing work as a boiler maker.

It is finally contended the employee could not have been permanently and totally disabled because he had actually gone back to work as a boiler maker subsequent to his injuries. It is true the employee had been re-employed for short periods and had actually certified to the Kentucky Department of Economic Security that he was physically able to return to work in his regular occupation. However, these jobs did not last long, and there was significant evidence by a business agent of the union to which the employee belonged that because of his physical condition there were simply no jobs available.

We believe there was ample evidence in the record that the employee was not capable of returning with any regularity to this field of endeavor, even though he could perform some of the duties required in his general employment classification. This is a highly paid, skilled occupation. In substance, the Board's finding was that half a boiler maker is no boiler maker. The Board was justified in concluding that the employee's physical disability was such that his job opportunities in this field were practically eliminated. As expressed by one of the doctors, the situation was such that he was not "going to go back to work as a boiler maker".

In our opinion the award was amply supported by substantial evidence.

The judgment is affirmed.

All concur.